J-S58024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY LEE MUTSCHLER, | |
| Appellant | No. 529 MDA 2017 |

Appeal from the PCRA Order March 3, 2017
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000948-1998, CP-49-CR-0000949-1998, CP-49-CR-0000950-1998

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 23, 2017**

Appellant, Tony Lee Mutschler, appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the initial factual and procedural history as follows:

> Three criminal action docket numbers are at issue in this appeal.  All three concern crimes that occurred on March 8, 1998, in Allentown.  At criminal action number 948-1998, Appellant was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor after Grace Lutheran Church in Allentown was forcibly entered and the office was ransacked during a search for cash.  At 949-1998, Appellant was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor in connection with a break-in at A-1 Mini Storage.  That establishment's door was pried open, and the office was ransacked in an unsuccessful attempt to find money.  At criminal action 950-1998, Appellant was charged

with burglary, conspiracy, trespass, theft, criminal mischief, receiving stolen property, and corruption of the morals of a minor. Funn-Tastic Pool and Spa in Allentown was forcibly entered and $5,000 in cash was removed from a locked box. Appellant's fourteen-year-old-brother admitted to police that he committed all three burglaries with Appellant. Appellant was interviewed and also admitted to the crimes.

On May 28, 1999, Appellant entered a guilty plea at the three action numbers, and he was sentenced on July 27, 1999, to consecutive terms of five to ten years incarceration at 948-1998 and 949-1998. He received a consecutive probationary term of ten years at 950-1998. Appellant filed a timely PCRA petition on August 15, 2000. Counsel was appointed, and counsel filed an amended petition averring that the May 28, 1999 guilty plea was unknowing and involuntary for various reasons, including that Appellant was not mentally competent to enter it. After a hearing,[1] the petition was denied on May 15, 2001. Appellant did not appeal.[1]

> [1] Although the hearing was not transcribed, the docket sets forth that one was held.

Appellant filed a second, *pro se* PCRA petition on April 9, 2013. After the court issued notice of its intent to deny that petition without a hearing, it was denied on January 29, 2014. That order contains the following statement: "The Defendant is hereby advised of his right to file an appeal within thirty (30) days of the entry of this Order." Order of Court, 1/29/14, at 1. On March 18, 2014, Appellant filed with this Court a petition to appeal *nunc pro tunc*, a petition to file original process, a petition for writ of prohibition, and a petition for writ of mandamus and/or extraordinary relief. On April 4, 2014, we denied all his requests for relief. We also stated that denial of his petition to appeal *nunc pro tunc* was without prejudice to Appellant's right to seek reinstatement of his appellate rights in the trial court.

_____

[1] To the contrary, Appellant did appeal to this Court. **Commonwealth v. Mutschler**, 823 A.2d 1027, 954 MDA 2001 (Pa. Super. Filed March 11, 2003) (unpublished memorandum). We affirmed the dismissal of Appellant's first PCRA petition on March 11, 2003.

On May 5, 2014, Appellant filed a "Notice of Appeal and Request for Transcripts" in the trial court. On May 15, 2014, Appellant was directed to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant's statement of matters to be raised on appeal was filed on June 6, 2014, but indicates that it was signed and mailed from his prison on May 26, 2014, within the twenty-one day time frame. The trial court concluded that the statement was untimely, and all issues were waived for purposes of this appeal. The Commonwealth asserts the same position in its appellate brief. However, since the Pa.R.A.P. 1925(b) statement appears to have been mailed from jail within twenty-one days from when it was ordered, we will consider the statement timely under the prisoner mailbox rule. Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.").

*Commonwealth v. Mutschler*, 120 A.3d 372, 780 MDA 2014 (Pa. Super. 2015) (unpublished memorandum at 1–4). This Court determined that the appeal was timely filed and that the PCRA court properly held that the PCRA petition was untimely. We concluded that no statutory exception to the time-bar was applicable and affirmed the dismissal of the PCRA petition. *Id*. at 7.

On March 10, 2015, Appellant initiated a *habeas corpus* action in federal court challenging his conviction and sentence. On June 29, 2015, the United States District Court of the Middle District dismissed the petition for writ of *habeas corpus* as time-barred by the statute of limitations, 28 U.S.C. § 2244(d), and determined there was no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c). *Mutschler v. Tritt*, 2015

WL 3953183, at *6 (M.D.Pa. June 29, 2015) (certificate of appealability denied November 30, 2015).

On January 19, 2017, Appellant filed a *pro se* Motion Challenging Validity of Guilty Plea, followed by a Motion to Compel on Ruling to Respond on February 21, 2017, which the common pleas court properly treated as Appellant's third, and current, PCRA petition.[2] The PCRA court dismissed the petition as untimely on March 3, 2017, and Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1) PETITION HAS ONLY ONE IS THE GUILTY PLEA SINGED IN 1999 VALID?

Appellant's Brief at 5 (*verbatim*).[3]

---

[2] **See**, **e.g.**, **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (motion challenging validity of guilty plea "must be treated as a PCRA petition, since the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief . . . regardless of the manner in which the petition is titled."). Appellant's claim that the PCRA is not applicable because he is raising an issue of contract, Appellant's Brief at 13, is rejected.

[3] We are compelled to comment on the brief Appellant has filed in this appeal. "Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017); Pa.R.A.P. 2101. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Id**. In addition to failing to abide by our appellate procedural rules governing briefs, Pa.R.A.P. 2119, Appellant's brief is rambling and often inexplicable. Nonetheless, in the interest of justice, we address the arguments that can reasonably be discerned from this defective brief. **See Commonwealth v. Lyons**, 833
*(Footnote Continued Next Page)*

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must address whether this appeal is properly before us. In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant's judgment of sentence was imposed on July 27, 1999, and because he did not file a direct appeal, his sentence became final on August 26, 1999. He had until August 26, 2000, to file a timely petition. Thus, his January 19, 2017 petition is patently untimely.

An untimely petition may be received when the petition alleges and the petitioner proves that any of the three limited exceptions to the time for

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

A.2d 245 (Pa. Super. 2003) (holding that while *pro se* brief was defective, this Court would address issues that could reasonably be discerned).

filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4]  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Because Appellant continues to maintain that his claim is not governed by the PCRA, he fails to assert his petition was timely under one of the three exceptions to the one-year time bar.  He contends, instead, that his plea counsel was ineffective for failing to fully explain the plea agreement and that he was taking medication at the time of the guilty pleas that rendered

_____

[4]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

him incapable of entering a knowing and voluntary plea.  Appellant's Brief at 6–7.

Following our careful review, we conclude Appellant has failed to raise any claim that his petition was timely under one of the three exceptions to the one-year time bar.  Hence, PCRA relief properly was denied. **Commonwealth v. Callahan**, 101 A.3d 118, 123 (Pa. Super. 2014) (holding where the appellant "failed to plead and prove the applicability of any of the PCRA's three statutory exceptions to the timeliness requirement," the PCRA court properly denied relief).  Moreover, allegations of ineffective assistance of counsel will not overcome the jurisdictional requirements of the PCRA.  **Commonwelath v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (quoting **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005)).[5,6]

_____

[5]  In addition, we note that Appellant's claim that his guilty pleas were unknowing and involuntary for "various reasons, including that Appellant was not mentally competent," **Mutschler**, 780 MDA 2014 (unpublished memorandum at 2), was previously litigated in his first, timely PCRA petition, which was dismissed, and we affirmed.  **Mutschler**, 954 MDA 2001 (unpublished memorandum at 2).  Thus, on this basis as well, Appellant's claims are not entitled to review.  42 Pa.C.S. § 9543(a)(3) (a petitioner is eligible for relief only if "the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(a)(3) ("an issue has been previously litigated if . . . it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."); **Commonwealth v. Robinson**, 82 A.3d 998, 1005 (Pa. Super. 2013) (An issue is previously litigated if "the highest appellate court in which [the] appellant could have had review as a matter of right has ruled on the merits of the issue.").

[6]  Appellant's Application for Relief, "MOTION TO ARREST JUDGMENT FOR ENTENTION FOR TIME AND OR ANY OTHER JUDGMENT DO TO THE
*(Footnote Continued Next Page)*

Motion to arrest judgment denied.  Order affirmed.


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2017

---

*(Footnote Continued)* —————

FOLLOWING REASONS PETITION COULD NOT RESPOND IN TIME TO ANY COURT ORDER," filed on September 25, 2017, in which he asserts that he had a mental breakdown and therefore could not respond "TO ANY ORDER BY THIS COURT," is denied.  Appellant has failed to provide any time frame to his allegation or to reference any specific order.